ELIZABETH O. HARDY, ADMINISTRATRIX, RESPONDENT,
v. DELAWARE, LACKAWANNA AND WESTERN RAIL-
ROAD COMPANY, APPELLANT.

Submitted March 23, 1922—Decided July 24, 1922.

1. In actions under the Federal Employers' Liability act the doc-
   trine of assumption of risk has no application in cases where the
   negligence of a fellow-servant, which the injured party could not
   have foreseen or expected, is the direct and immediate cause of
   the injury.
2. It cannot be said, as a matter of law, that an employe of a rail-
   road company, engaged in the work of bridge repairing while the
   tracks are in use, is required to be constantly on the lookout for
   danger from approaching trains, where, to his knowledge, the duty
   of giving of warning thereof rests upon the foreman.
3. Under the third section of the Federal Employers' Liability act
   ·contributory negligence is not a bar to the right of recovery, but
   is merely to be taken into consideration in determining the
   amount of the compensation to be awarded.

On appeal from the Warren Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KALISCH.

For the appellant, *Frederic B. Scott*.

For the respondent, *William C. Gebhardt*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The plaintiff brought suit
under the Federal Employers' Liability act to recover com-
pensation for the death of her husband, Wyatt Hardy.    He
was a member of a gang of bridge repairers, employed by
the defendant company on its main line tracks.    On the
day of the accident he, and the other members of the gang,
had gone to Wharton, New Jersey, where they were engaged
in making repairs to a bridge located at that place.    In pre-

paring for the work to be done on that day Hardy, the decedent, had carried some tools to a point between the eastbound and westbound tracks where they were to be used; and the testimony supported the conclusion that he then observed a train about to cross the bridge on the westbound track and stepped over onto the eastbound track in order to permit it to pass; and that while standing on this track, and apparently watching the westbound train passing, he was struck and killed by an eastbound freight. There was also testimony which justified the jury in finding that it was the duty of the foreman of the gang to keep a lookout for trains from either direction, and to give timely warning to the men at work under him when a train was approaching; that he failed in the performance of that duty, with relation to the train running on the eastbound track; and that this failure was the producing cause of the accident which resulted in the death of Hardy.

The trial resulted in a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant appeals.

The first ground of appeal is directed at the instruction of the court to the jury with relation to the effect of the federal statute upon the doctrine of assumption of risk. The alleged erroneous statement of the law upon this point was as follows: "The common law doctrine of assumed risk arising out of the negligence of fellow servants has been abolished. If you find the foreman was under a duty to give a warning, and did not give it, that was one of the risks Mr. Hardy did not assume." The contention of counsel is based upon the theory that the doctrine thus laid down by the trial court is in direct opposition to certain decisions of the United States Supreme Court to which he refers us. Our reading of these decisions leads us to the conclusion that they do not justify counsel's contention. And if there is any doubt as to the effect of these decisions (and we think there is not) that doubt would be cleared up by the latest pronouncement of that court upon the subject. In the case of *Reed, Administratrix,* v. *Director*

*General of Railroads, U. S. Sup. Ct., Adv. Sheets No. 78, October Term,* 1921, it was held that in actions under the federal statute the doctrine of assumption of risk has no application in cases where the negligence of a fellow servant, which the injured party could not have foreseen or expected, is the direct and immediate cause of the injury. And the court, in so holding, expresses the opinion that a contrary view would nullify the declaration of congress that every carrier by railroad, while engaging in interstate commerce, shall be liable to the personal representative of any employe killed while employed therein when death results from the negligence of any of the officers, agents or employes of such carrier.

The instruction to the jury in the present case, with relation to this doctrine, although laying down a rule somewhat broader than that stated in the cited decision, was, nevertheless, a correct statement of the law of the case, for there was nothing in the proofs which was even suggestive that Hardy could have foreseen or expected that the foreman of the gang would fail to perform the duty resting upon him of giving a warning to Hardy of the approach of the eastbound freight.

The next ground of appeal is that the court improperly refused to charge the following request submitted by the defendant: "Under the evidence in this case, Hardy was not in the discharge of his duties when he placed himself in the position of the probable danger which resulted in his death." We think this request was properly refused, for the reason that whether, under all the proofs in the case, the decedent was in the discharge of his duties at the time he met his death was a matter of fact for the jury to decide, and not a matter of law to be determined by the court.

The only other ground of reversal is that the court erroneously refused to charge that "Even if you should find there was a custom of the foreman to warn his men, as contended for by the plaintiff, I charge you you cannot find the rail-

road company liable in this case if you believe the uncontradicted testimony that, from the position Hardy was in, he had equal opportunity with his foreman to observe the approach of the engine which struck him, for in such case the negligence of Hardy was the proximate cause of the injury resulting in his death." In our opinion, this request was properly refused. In the first place, it cannot be said, as a matter of law, that an employe of a railroad company engaged in the work of bridge repairing while the tracks are in use is required to be constantly on the lookout for danger from approaching trains, where, to his knowledge, the duty of giving of warning thereof rests upon the foreman. Common knowledge teaches us that it is for the very purpose of enabling repair gangs to devote themselves more exclusively to the work in which they are engaged that a watchman is furnished for their protection; and, in the second place, even if it be true that the decedent was equally negligent with his foreman in failing to observe the approach of the train which struck him, and that his negligence contributed to the accident, that fact is not a bar to the right of recovery against the railroad company but, under the third section of the federal statute, is merely to be taken into consideration in determining the amount of the compensation to be awarded.

The judgment under review will be affirmed.